# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| JUAN MANRIQUEZ | ) | Case No. 2:21-mj-0159 JDP |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

**FILED**
Oct 08, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  July 28, 2021 - September 28, 2021  in the county of   Sacramento  in the
  Eastern  District of   California  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(a)(1)(A) | Unlawful Manufacturing and Dealing in Firearms |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT OF ATF Task Force Officer Ryan Oliver

☑ Continued on the attached sheet.

/s/ Ryan Oliver
*Complainant's signature*

Ryan Oliver, ATF Task Force Officer
*Printed name and title*

Sworn to and signed before me telephonically.

Date: 10/08/2021

*Judge's signature*

City and state:  Sacramento, California     United States Magistrate Judge Jeremy D. Peterson
*Printed name and title*

### AFFIDAVIT OF ATF TASK FORCE OFFICER RYAN OLIVER

I, Ryan Oliver, being duly sworn, hereby depose and state:

### CRIMINAL COMPLAINT FOR ARREST WARRANT

1. This Affidavit is submitted in support of an arrest warrant and criminal complaint charging **ANDREW JACE LARRABURE-TUMA** and **JUAN MANRIQUEZ** with:

    COUNT ONE:   Unlawful Manufacturing and Dealing in Firearms, in violation of 21 U.S.C. § 922(a)(1)(A).

### BACKGROUND AND EXPERTISE

2. I am a Task Force Officer with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant. I have been a Sworn Peace Officer in the State of California since December of 2000. I have been a Task Force Officer with the ATF, and a Sworn Special Deputy United States Marshal since September of 2015. During my years as a Task Force Officer with the ATF, I have investigated violations of both federal and state laws pertaining to firearms violations. I have investigated cases involving federal and state firearms violations, involving unlawful sales, possession, manufacturing, and transportation of firearms. I have participated in a variety of different investigative aspects while conducting investigations with ATF, including surveillance, undercover operations to conduct controlled purchases of firearms and other contraband, interviewing suspects, and the execution of search and arrest warrants. I have been the affiant on affidavits for search warrants relating to state and federal offenses. I have qualified multiple times in the State of California, County of Sacramento Superior Court as an expert in firearms. I have received no less than one hundred hours of training specifically related to firearms.

3. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am an officer of the United

    States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

4. Because this affidavit is submitted for the limited purpose of establishing probable cause for the requested arrest warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause.

5. This affidavit is based upon my own personal knowledge but also the knowledge of other law enforcement officers involved in this investigation. Where I describe statements made by other people (including other special agents and law enforcement officers), the statements are described in sum, substance, and relevant part. Similarly, where I describe information contained in reports and other documents or records in this affidavit, this information is also described in sum, substance, and relevant part.

## STATEMENT OF PROBABLE CAUSE

### *Tuma sells guns and drugs to a law enforcement confidential informant.*

6. On July 28, 2021, a confidential informant ("CI" or "WEI-217") working the Western El Dorado Narcotics Enforcement Team (WENET) purchased a disassembled AR-15 style gun and a full-auto switch from Andrew Tuma. On that date, the CI met with Tuma at a Safeway in Pollock Pines, California. Tuma exchanged the AR-15 style gun and the full-auto switch for cash the CI had received from law enforcement.

   a. A "full-auto switch" is a firearm part that converts a firearm from firing in a semi-automatic mode (one round of ammunition per one pull of the trigger) to automatic mode (multiple rounds of ammunition per one pull of the trigger). A gun that fires fully automatic is a "machinegun." 26 U.S.C. § 5845(b). Under federal law, a full-auto switch is also a "machinegun" because it is "any part designed and intended . . . for use in converting a weapon into a machinegun." 26 U.S.C. § 5845(b).

   b. WEI-217 is a signed confidential reliable informant for WENET since January 2020. At the onset of his involvement with WENET, WEI-217 was assisting WENET in exchange for sentencing consideration after

      having been convicted of PC 243(d) – battery with serious bodily injury.

   c. In April 2020, WEI-217 completed his / her contractual obligation with WENET and his / her performance was relayed to the El Dorado County District Attorney's Office for consideration. WEI-217 ultimately received favorable consideration from the El Dorado County District Attorney's Office and Judge Kingsbury of the El Dorado County Superior Court. WEI-217 voluntarily agreed to maintain contact with WENET and provide assistance with the investigation of criminal activity with no promise or agreement for compensation.

   d. In or around April 2021, I was contacted by WEI-217 on his own accord who told me he would like to become a paid mercenary informant. In early April 2021, WEI-217's status was changed to a paid, testifying mercenary confidential reliable informant. Since April 2021, WEI-217 has received monetary payment for his assistance with investigations. Additionally, in April 2021, WEI-217 also became a signed, paid mercenary informant with ATF. I have not known WEI-217 to be untruthful and his / her information has been reliable in past investigations.

   e. In additional to the PC 243(d) conviction mentioned above, WEI-217 has one additional felony conviction for HS 11366.5 – maintaining a drug house (marijuana). WEI-217 had not been arrested since 2013 until he / she was arrested and convicted in 2018 for PC 243(d). WEI-217 has not been arrested since 2018.

7. On August 4, 2021, the same CI purchased a fully-automatic machinegun from Tuma at the Safeway in Pollock Pines, California. At the same time, Tuma sold the CI 3.5 grams of cocaine. Again, Tuma exchanged the guns and drugs for cash that the CI had received from law enforcement.

8. On August 9, 2021, WENET Detective Michael Roberts monitored Tuma's Snapchat account. Det. Roberts observed that Tuma had recently posted two videos. In the two videos, Tuma possessed a Glock-style pistol and fired the gun several times out the side of the driver's side window of a vehicle. No one else appeared to be in the vehicle at the time. Det. Roberts recognized the vehicle depicted in the videos to be Tuma's blue Ford Mustang. In addition,

3

Det. Roberts recognized the area in the video to be the area near Bonetti Road in El Dorado County, California.

9. On August 12, 2021, Tuma advised the CI that Tuma had a gun connection in Antioch, California who sells rifles, pistols, and machineguns. Tuma said that he was planning to get a short-barrel 9mm rifle from his source in Antioch and that the source would deliver the gun to El Dorado Hills. The CI travelled to a public parking lot in El Dorado Hills with Tuma and Tuma's friend. Juan Manriquez subsequently arrived and met with Tuma. Tuma took cash from the CI and met with Manriquez. Tuma exchanged the CI's cash for the 9mm rifle that Manriquez had brought with him.

10. On August 24, 2021, Tuma advised the CI that Tuma's source (Manriquez) had a factory-made Glock 35 handgun that had been converted to a machinegun. Tuma made arrangement for Manriquez to deliver the gun to the Raley's parking lots in El Dorado Hills, California. Once Manriquez arrived, Tuma got into Manriquez's vehicle and exchanged the CI's money for the Glock 35 machinegun.

11. On September 28, 2021, state and federal law enforcement officers executed a state search warrant and arrest warrant for Tuma at Tuma's residence at 5311 College Oak Drive, Apartment 10, Sacramento, California. At the time the search warrant was executed, Tuma was the sole occupant of the apartment. Inside the residence, law enforcement officers found what appeared to be a firearm manufacturing operations, including partially complete firearms, firearm kits from Polymer80 (a company based in Sparks, Nevada that sells firearm manufacturing kits), firearm parts, tools for manufacturing and finishing firearms, firearm accessories, completed firearms, and ammunition.

*Manriquez sells nine guns to ATF undercover agent.*

12. After the CI met Tuma's source of firearms (Manriquez), the CI arranged to purchase guns directly from Manriquez. On August 26, 2021, the CI purchased three guns and a full-auto switch from Manriquez. On that date, the CI met with Manriquez in a parking lot off Florin Road in Sacramento. Manriquez arrived at the parking lot as a passenger in a gray Mercedes Benz being driven by an unidentified person. Manriquez got out of the Mercedes and got into the CI's vehicle. The CI's vehicle was outfitted with a concealed

4

audio/video recording device that recorded the interactions between the CI and Manriquez.

13. After Manriquez got into the CI's vehicle, Manriquez produced a Glock 20 pistol that Manriquez stated was "fully" – likely a reference that the firearm had been converted to fire fully automatic. Manriquez also produced a Ruger 57 pistol that contained live ammunition. After allowing the CI to inspect both of these guns, Manriquez yelled out the window of the CI's vehicle to the occupant of the Mercedes Benz to bring him the "19" and the "little box with the switch in it." Surveillance units observed an adult male get out of the driver's side of the Mercedes and eventually handed a pistol and a small cardboard box to Manriquez. Manriquez sold three pistols and the full-auto switch to the CI in exchange for $8,700 in cash. After the transaction, Manriquez said, "Nice doing business, anything you need hit me up, I got you." Depicted below is a photos of the guns purchased from Manriquez.



14. On August 31, 2021, an ATF Special Agent acting in an undercover capacity ("UC") accompanied the WENET CI during a controlled purchase of nine firearms from Manriquez. During the evening of August 31, the ATF UC and the CI went to a public parking lot in Sacramento County. The CI called

5

Manriquez and Manriquez told the CI that he would arrive in approximately ten minutes.

15. Approximately thirty minutes later, two vehicles arrived together at the parking lot. One vehicle, a black Nissan, parked next to the undercover vehicle being used by the ATF UC and the CI. The other vehicle, a silver Volkswagen parked a short distance away in the parking lot. The CI got out of the undercover vehicle and got into the black Nissan. Manriquez was sitting in the back passenger seat of the Nissan and two unknown individuals were sitting in the front two seats of the Nissan. Manriquez showed eleven firearms to the CI. The CI then told Manriquez that the CI's partner would bring the money over. Manriquez put the firearms into a bag. The ATF UC then brought over an envelope containing $26,600 in cash and gave it to the CI. The CI then handed the money over to Manriquez in exchange for the bag full of firearms.

16. Subsequently, after Manriquez left the area, the ATF UC opened the bag and counted the firearms and determined that there was only nine guns in the bag. The ATF UC confronted the CI and the CI stated that there had been eleven guns in the car and that Manriquez must have kept two guns and not put them into the bag. The CI attempted to contact Manriquez to confront him about the two missing guns but Manriquez did not return any of the calls placed by the CI.

17. In total, Manriquez sold nine guns to the CI:
    a. One Glock 30S .45-caliber pistol that had been converted to a machinegun;
    b. One Glock 17 9mm pistol
    c. One Glock 30 .45-caliber pistol
    d. One Glock 42 .380-caliber pistol
    e. One Smith & Wesson M&P 9mm pistol with an obliterated serial number;
    f. One Sig Sauer P226 9mm pistol
    g. One Glock-style privately manufactured firearm ("PMF") with no serial number; and

6

    h. Two AR-15-style PMF pistols with no serial numbers.



***Manriquez and Tuma do not have a license to sell guns.***

18. According to ATF records, neither Tuma nor Manriquez have a federal firearms license. Similarly, according to ATF records, neither Tuma nor Manriquez have ever applied for a permit to possess a machinegun.

19. Under federal law it is unlawful to make or transfer a machinegun without approval from ATF. *See* 26 U.S.C. §§ 5801-5871. All firearms manufactured for sale are required to be identified by a serial number. 18 U.S.C. § 923(i).

///

///

///

///

///

## CONCLUSION

20. Accordingly, based on the above facts, I believe that there is probable cause to believe that Tuma and Manriquez violated 18 U.S.C. § 922(a)(1)(A), unlawful manufacturing and dealing in firearms without a license. I hereby request that this court issue an arrest warrants for Tuma and Manriquez.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

    /s/ Ryan Oliver
RYAN OLIVER
ATF Task Force Officer

Sworn and Subscribed to me telephonically,
on October 8, 2021,

Hon. JEREMY D. PETERSON
United States Magistrate Judge

Approved as to form:

JUSTIN LEE
Assistant United States Attorney

8

# **PENALTY SLIP**

## **United States v. Tuma & Manriquez**

**COUNT ONE:**  18 U.S.C. § 922(a)(1)(A) – Unlawful Manufacturing and Dealing in Firearm

Fine of up to $250,000, and/or
Imprisonment of up to 5 years, or both
Term of Supervised Release of up to 3 years
Mandatory $100 Special Assessment